FILED JUL 16 '24 AM 10:21 USDCALS

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

## DISTRICT OF ALABAMA

## SOUTHERN DIVISION

BERNICE BROWN /D/B/A

MILLA PRODICTIONS

KARMILLA ALI/ VOCALIST

HANDBAGE & THINGS

Plaintiff,

v.

CATHEDRAL BASILICA OF THE

IMMACULATE CONCEPTION/

ARCHDIOCESE OF

MOBILE, ALABAMA

IN ITS CAPACITY,

_____

COMPLAINT NO. 24-cv-240-JB-N

JURY REQUESTED

JURSDICTION FEDERAL QUESTION UNDER

28 U.S.C. §1331-FEDERAL QUESTION

28 U.S.C. §1332-DIVERSITY-SUBJECT-MATTER

PRIVATE RIGHT OF ACTION FOR DISCRIMIATION

JURSDICTION AMOUNT CONTROVERS

BAD FAITH DEALING

ELDER ABUS

INTERSTATE COMMERCE VIOLATIONS

CONSOLIDATION OF CASES

## "NERVE CENTER"

KATE KAPPEL-SENIOR CLAIMS REPRESETATIVE 11

SCLA IN HER CAPACITY, OMAHA, NE

CATHOLIC MUTUAL GROUP

IN ITS CAPACITY, OMAHA, NE

CATHOLIC MUTUAL RELIEF SOCIETY

OF AMERICA CORPORATION

IN ITS CAPACITY, IN OMAHA, NEBRASKA


BOARD OF TRUSTEES,

IN ITS CAPACITY

_____

IMMEDIATE CARE OF THE SOUTH

MARTY McDONALD

_____

ET. AL.,

Defendants.

## CIVIL SUMMONS AND COMPLAINT

**COME NOW** Bernice Brown/D/B/A/Karmilla Ali/, files this Civil Lawsuit Under, Collateral Estoppel/Promissory Estoppel/Promissory Note/ Liability/ Legal Principle in Promise Estoppel /Duty of Good Faith & Fair Dealing/Bad Faith Dealings by the above Defendants. The value of Life, has been reduced, the ability to earn a living wages is (Impairment). In the Elderly Plaintiff Earning Capacity in Music & Production of Music) due to "Body Injuries to the Senior Plaintiff, from A "Slip & Fall" where **"Lack of Duty"** can be proven that Created this "liability Tort" on April 30th, 2022", in the Cathedral Basilica of the Immaculate Conception of Mobile, Alabama.

_____

2

## VIOLATIONS OF LAWS & STATUTES

¶1. These are actions of Breaches of Promise/ Promissory Estoppel of a Legal Contract/that are Clear and unambiguous/Senior Plaintiff acted & relied on The Promise/Senior Plaintiff's reliance was reasonable foreseeable/Senior Plaintiff Suffered Injury's due to reliance on the Defendants Promise in many ways. Once this "Bad Faith" has occurred, once the duty to use "Good Faith" in Considering the **Claim-Contract** has been breached, the Defendants cannot later Seek to justify its denial by gathering information which it should have had in the First place, their Evidence is void of Evidence to proof their actions.

¶2. The Defendants filed the Claim, and the Claimant is Senior Plaintiff Bernice Brown/d/b/a/Karmilla Ali/ under Claim No. 2202215 issued by All Defendants Catholic Mutual Group, and Defendant Kate Kappel Senior Representative, which communicated the Claim, and the business with the Senior Plaintiff Bernice Brown/D/B/A/Karmilla Ali, by and through *Federal 18 U.S.C. § 10-Interstate Commerce and Foreign Commerce as defined in its Code/Article 1 Section 8 Clause of the U.S. Constitution, Commerce Clause.*

## DEFENDANTS AND LOCATIONS

Location of Property for Fist Listed Defendant:

A. *Cathedral Basilica Of The Immaculate Conception/CATHEDRAL BASILICA OF THE IMMACULATE CONCEPTION /TRACK OF LAND INVOLVED; 2 SOUTH CLAIBORNE STREET * MOBILE, ALABAMA 36602.*

3

## THE DEFENDANTS "NERVE CENTER" LOCATIONS

**B. Kate Kappel-Senior Rep. In Her Capacity/Catholic Mutual Group- In Its Capacity/ Catholic Mutual Relief Society Of America-In Its Capacity/Board Of Trustees In Its Capacity;**

### Locations: 10843 Old Mill Rd, Omaha, Nebraska 68154/Phone: 402-514-2457.

These actions of "Bad Faith Dealings" causing "Mental Anguish, caused by the Defendants, in Violations of Federal § Code §110-Code 190, as it relates to a Claimant with an **Insured Membership Defendant, the "ARCHDIOCESE OF MOBILE, ALA,** by its **Self-Insurer Defendant Kate Kappel in her Capacity & Catholic Mutual Group in its Capacity & Defendant Catholic Mutual Relief Society of America in its Capacity, and Defendants, the Trustees in its Capacity."**

## CATHOLIC MUTUAL GROUP IS NOT AN INSURANCE COMPANY

**C. As part of the Catholic Church, Catholic Mutual is "not an Insurance Company." Catholic Mutual is the leading provider of Protection of The Catholic Church Property as "Foreign Corporation –Incorporated" liability, and employee Benefit coverage and related services for the Catholic Church in North America, Currently serving more than 134 Dioceses and Archdioceses in over 200 Catholic religious Church's, is an institution in the United States and Canada.**

**The Defendant Cathedral Basilica "Dioses" filed the Claim, to Defendants "Nerve Center" in "Omaha, Nebraska" Defendants Catholic Mutual Group/in the name Of KARMILLA ALI/as Claimant.**

**The Archdiocese in Mobile, Alabama is the Catholic Self- Insured by/Catholic**

4

**Mutual Group/Kate Kappel/ the Self-Insurer.**

**The Catholic Mutual Group/Kate Kappel, failed to honor the coverage as outline In the policy for the "Dioses", but there was no recourse by the Insured the "Dioses", of filing a lawsuit stating the Insurer Acted in "Bad Faith." No dispute Over how the Insured is objecting to the way, the Insurer has not resolve the Claim, and avoid "Bad Faith" litigation.**

**The Defendant "Dioses", never indicated to the Defendants the Self- Insurer Failed to properly investigate the Claim. When the "Dioses" is aware, that the Self- Insurer failed to exercise "due diligence" in adjusting the Claim; when the Self-Insurer Defendants Has lowballed, and stonewalled the Claim.**

**Therefore, Senior Plaintiff/the Claimant is pursuing a Civil remedy under Federal Law & Rules/Statutes, as a "Right" that Senior Plaintiff can bring this Lawsuit, in The above named Defendants, concerning the Defendants obligations.**

The records will show, that the Defendants by Defendant Kate Kappel made same Payments, there is no records of a solid auger able & reasonable reason to stop, And turn right around on September 22, 2022, and offer a proposed Settlements of Loss Wages for a year and leave the "Dioses Harmless." Senior Plaintiff Answered in "Kind", Ms. Kappel, "there are some injuries that needs operation on Parts of my body, I can settle not, I don't settle at this time, I need an operation, in two areas, and I'm still under Doctor."

Now Senior Plaintiff sent to Defendants "Registered Certified Letters" demanding Payment of Loss Wages, pursuant to Senior Plaintiff & Defendant Kate Kappel, Which now payments where outstanding, and no further offers where made by The Defendants.

***Catholic Mutual Group-*** Catholic Mutual Group is the registered trade name for The Catholic Mutual Group Relief Society of America and has been used for Business purposes since the 1980's Catholic Mutual Group is not an "Insurance Company" in any State, in the United State.

Senior Plaintiff is not, was not on a "Job" for Defendants or Dioses, did not Have any Contracts with any of the Defendants on April 30, 2022, also the Co-Defendant. The Defendants "Insurer & Insured is part of a Corporation/Incorporation of a "Foreign Entity" a Religious Church, that is outside of the "Insurance Industry, violating the United States Constitutional Laws of the LAND.

- It is not licensed as an insurance in any State. Catholic Mutual Group, Neither employs nor pays commissions to the outside or brokers.

- Catholic Mutual Group is a "Self-Insurance fund of the Catholic Church in North America. With the exception of Nebraska "its State of Incorporation", in every State in which it operates it has received authorization to Function as a "general purpose" from the Secretary of State of each respective State.

_____

## **PRIVATE RIGHT OF ACTION**

¶1.  The Right of Action, also referred to as a "Private Right of Action" Under Title V1, leaving it "beyond dispute that private individuals may sue." **There are other Federal Rules & Statute's, Amendments, Federal Constitution**

Articles of the Commerce Clause, and other Federal Code's §, which Senior

Plaintiff will invoke these Federal Laws & Statutes, in this Private Right Of

Action.

"*These Body Injuries to the Senior Plaintiff & Damages, in which Senior Plaintiff, is requesting are for, violations in "Bad Faith Dealings" by the Defendants in their assigned Capacity. Therefore, Monetary Compensation in Liability for Body Injuries & Damages, are Due in an Amount, plus Interest "Bad Faith Dealing" & Punitive Damages", Promissory Estoppel, Intentional Discrimination/Elder Abuse/Elder Financial Exploitation/Interstate Commerce." Senior Plaintiff is suffered injuries which required continued treatment.*

*Senior Plaintiff is being covered under her Medicare Insurance, were false documents, in violations of 18 U.S.C. §1001. The Defendants never requested Senior Plaintiff to see a doctor of the Defendants to determine if continued treatment was even necessary for the "Heart" complications of the Senior Plaintiff Slip & Fall."*

---

*COMPENSATION REQUESTED ON THE BODY INJURIES TO SENIOR PLAINTIFF AS A RIGHT-RESQUEST TO ALL DEFENDANTS TO PAY AS REQUSETED BY THE VIOLATIONS OF SENIOR PLAINTIFF RIGHTS:*

## AMOUNTS BY CAPACITY OF DEFENDANTS

- **CATHEDRAL BASILICA OF THE IMMACULATE CONCEPTION-IN ITS CAPACITY/ IN THE AMOUNT OF $1, 357,000, PLUSE 25%=$1,696, 250,000, PLUS, PUNITIVE DAMAGES AWARDS IN THE AMOUNT OF $2, 700, 000.**

- **KATE KAPPEL IN THE CAPACITY OF SENIOR CLAIMS REPRESENTATIVE II, SCLA, OF THE CATHOLIC MUTUAL GROUP/ IN**

7

THE AMOUNT OF $2, 688,733.75. PLUS 25%, PLUSE PUNITIVE
DAMAGES IN THE AMOUNT OF $7,725, 900.

- CATHOLIC MUTUAL GROUP IN ITS CAPACITY/SELF-INSURED OF
  MEMBER'S POLICY/IN THEIR CAPACITY/IN THE AMOUNT OF
  $1,720, 790, PLUS 25% INTEREST=$2,150,987.5 PLUS PUNITIVE
  DAMAGES IN THE AMOUNT OF $3,000,000.

- CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA/IN ITS
  CAPACITY/ON ISSUES OF PAYMENTS/ COMPENSATION REQUESTED
  IN THE AMOUNT OF, $5,000,000, PLUS 25% INTEREST=$6, 250,000.,
  PLUS PUNITIVE DAMAGES IN THE AMOUNT OF $7,000,000.

- BOARD OF TRUSTEE'/IN ITS CAPACITY/AS TO THE HOLY SEE/ARE IN
  VIOLATIONS OF ITS DUTIES; and has violated the Rights of Senior
  Plaintiff. This inviolable peace and sincere friendship of the
  Catholic Dioses and the Senior Plaintiff, was never to be broken,
  which no "Immune" can be had in these two Civil Liability, soon to
  be Consolidated Cases against these Defendants.

- In the Defendants Trustee Capacity, in violation of Rights, and the
  Dishonoring of a Claim to be paid to an Elderly Senior, on a Slip &
  Fall in the Dioses of Mobile, Alabama, it was the Defendants, the
  Board of Trustee's duties not to transgress or Dishonor this Duty in
  the manner in which it has done. In the Board of Trustee' Capacity,
  Compensation Requested/IN THE AMOUNT OF $10,000,000, PLUS
  25% INTEREST=$12,500,000, PUNITIVE DAMAGES IN THE AMOUNT
  OF $24,000,000.

- The Trustees Duties & Powers has a range of responsibilities to the
  Trust and its beneficiaries. Therefore, in "disclosure & discover"
  from the Defendants Trustees, will need the Trust Fact Sheet, that
  Covers Facts on the "SLIP & FALL" and Accident Evaluation, which
  had to be done, in Cases of an Anticipation of a "CLAIM." Evidence

8

will show, a Claim was filed, without any "Respect" also ignored by the Defendant Trustee'.

- The Defendant Trustee, will have to show a location and type of injury it knew of, as to the Senior Plaintiff, how the Defendant Trustee, reviewed the investigation into the "Facts of the Claimant Senior Plaintiff Slip & Fall.

### INSURANCE COMPANY VIOLATIONS

¶2.   Catholic Mutual Group, the "insurer", is not an "Insurance Company" Therefore, the Senior Plaintiff cannot file Civil Remedy Laws and Notice's to the "State of Alabama" or to the "Alabama Department of Insurance", because the Defendants are not registered in the United State or States, as an Insurance Carriers. The Medical Defendant an "LLC" not registered with any Alabama Medical Institution, these Violations of Regulations can be filed under Federal Law.

Senior Plaintiff, rejected the proposed settlement by Defendant Kate Kappel, and Kate Kappel added to the proposed, that the Senior Plaintiff would Settle for a year's "Loss Wages, and leave the Dioses harmless." This is after, Trying and trying to get "loss back wages" though communicating with the Defendants. Senior Plaintiff; this is after Defendant Kate Kappel went Against the Contract Cade § 110 Title & 367 "the Self-Insured" Contract with Senior Plaintiff-as Claimant, which "trigged/Promissory Estoppel/Bad Faith.

## *THE DEFENDANTS TRUSTEES DUTIES*

¶3.  The Subjects-Matter here, is about Injuries to a United States Senior Citizens, in which the Defendants Has Denied Compensation without an Auger-Able good reason as to the "Denial." The Trustees, is to ensure that the Institutions under their supervision operate in accordance with the teaching, Discipline, and laws of the "Roman Catholic Church" are honored.

This Capacity of the Trustee, is to provide active, and an informed review of all "Major decisions about the property founds of the Dioses and Parish." Also Trustee are "fiduciaries" of the Corporation responsible, for corporate Resolutions, regarding all Dioses and Parish business. This shows "Bad Faith Dealings" by the Defendants Trustee's to their "fiduciaries duties" of this Subject –Matter.

_____

## *BAD FAITH (REFUSAL TO PAY)*

¶4.   The Trustees, had to have been aware of these actions by the other four Defendants, because in the Trustees Capacity it delegates to its agent the power To "insure" payments, also, that all matters to do with the **"Assets Trusts of Property and land is the Defendants Trustees Duties."** The question is, "why Doses the Defendants, fell the Senior Plaintiff must suffer at the Senior Plaintiff Own expense? When it is proof that "Civil Liability" is on the Defendants, whom is Not "Faithful" exercising fiduciary duties of care and loyalty, in not understanding The risk it is taking, in this Discriminatory, Abusive action of an Elder, which was Injured on the Defendants/Corporate/ Corporation/Incorporated property in

10

Mobile, Alabama. These Actions, **"triggered *Bad Faith/Promissory Estoppel*."**

The Trustees, general powers and duties of Trustees of Religious

Corporations, is to understand the Law, relating to their actions. The inability of

The Defendants Counsel, to proof their Case without a **"Quid Pro Quo",** is because

Of "Lack of Evidence" no concrete evidence to lay before the Court, just loud, and

Not informed of this Lawsuit. These actions by the Defendants Counsel's, are

Undermining the fairness of judicial proceedings and erode public confidence in

The Justice System. Complaint Diversity is Present in this Action, also in Case

Number: 24-CV-00117-JB-N.

_____

## DISCLOSURE STATEMENTS

¶6. The Concrete Evidence, by a Motion by the Defendants Counsel, as if

Counsel, an Attorney, try acting as if Counsel is in some-kind of "Duress" when it

Comes to the "Disclosure Statements." Every one of the Defendants must

Submitted a **"Disclosure Statements."** The "Nerve Center" of these Defendants,

By and though Counsel, must submit a **Disclosure Statement to this District Court**

**For the Southern District of Alabama; under Rule Of Civil Procedure 7.1 and Civil**

**L.R. 7.1.**

_____

## SENIOR PLAINTIFF IS SUING FOR
## DAMAGES UNDER 18 U.S.C § 610 & § 601 OF TITLE V1

¶7. **The Damages here is the Trustee allowed these violations to happen to a**

"Black Senior/Women/, no care was given. The Private Right, under the Four-Factor test for Courts to analyze the **"Implication Question"** that it should be Naturally Understood, it speaks to "whether the Senior Plaintiff belong to the Class of a person the Statute was designed to Protect?

On this amount in Compensation, this Federal District must evaluate the Federal Statutes in light of all the Statutes raised on its effect on Senior Plaintiff Fifth & Fourteenth Amendments, there is no "Equal Protection" for this Senior Citizen, When the Defendants are carrying out a "Foreign Agenda" in the United States, as a Corporation, in violations of the United States Constitution and Laws.

**These arguments, by Senior Plaintiff, has Constitutional legitimacy, and**

**Has To be followed, by the** constitutionally prescribed as lawmaking procedures. All of the "Federal Statute" demonstrates, and create a "Private Right" to Sue for These above amounts in "Compensation", a correct "Private Right" remedy, with And through "evidence of Clear" Congressional Intent. The actions by this Defendant, are banned from Violating with an **"Intentional Discrimination" under Title V1.**

Senior Plaintiff invoke, and pray that this Federal Court enforce these Above Statutes against this Defendants, with a "Jury" in place for these Federal Right.

The amount in Compensation is $7, 900.000 Plus 25% Interest=$9,898,750/ Plus Punitive Damages In the amount of $ 12, 397,756.
Under Invoke Federal Jurisdiction, Nature of Suit is in Code § 360-367-440, Titles.

12

This above request by Senior Plaintiff, is based Under Contract Code Title §110, Actions alleging "breach of Claimant Contract as third party" to the "Defendant Insured Claim Filed by the Archdiocese" of Mobile, Alabama, to its Membership with Catholic Mutual Group, its Self- Insurance Group in Omaha, Nebraska the "Nerve Center" as the State of "Diversity Jurisdiction & Amount In Compensation"; will State these Facts as Following:

_____

### *FACTS*

¶8. "Emotional Distress & Elderly Abuse/ Mental Suffering/ of Senior Plaintiff', and the "Distress" being experience by this Senior Plaintiff, which arises From an event; at the **"Mass Of Christian Burial" for the late "Mr. Charlie Green Jr"** which occurred in the Defendants Property "Cathedral Basilica Of The Immaculate Conception Diocese" on April 30th, 2022.

These Defendants owed a duty to Senior Plaintiff as a "Guest" of the Green Family, and a "Invitee", at all times, and in a safe-plaice/ condition, after placing Senior Plaintiff upon the ***Diocese Bolo***; there, neglecting the responsibility of duty, To give sufficient follow up care, of coming down, after the ordinary care of Placing the Senior Plaintiff in the setting prepared by the Diocese. "Special setting" is upon the "Bolo", the "body injuries" would have been avoided if follow up care had been instructed, and acted upon. Senior Plaintiff will use ***Federal Code § 190 Title Insurance***, as to the Contract, in which are based on "Rights & obligation" under a contract not classifiable elsewhere under the Specific natures of a suit.

These above options are attested to a Self-Insured Insurer Group Contract with a

Catholic Church, and the Questions, of their business and actions are appropriate Under what Federal Laws are these Defendants wright in?

The nature of Suit *Code TORTS & COMPENSATION FOR INJURIES IN LIABILITY, are in this Lawsuit.*

---

### UNDER FEDERAL CODE §190 OTHER
### CONTRACT BASED ON RIGHTS & OBLIGATIONS.

¶9. The failure to act, was caused by "not following upon the Defendants Plains of setting for the Senior Plaintiff, Evidence will proof, the outlined Ushers" the elderly Plaintiff did wait for the Usher to return, but he did not. Safety measures for coming up, but none coming down, no **"safety rails"** to hold, Therefore, Senior Plaintiff, tried to come down, and joined the "Burial Possession" Which was now outside, ready to go, to the final resting place of Ms. Green. In trying to come down, the Senior Plaintiff did "Slip & Fall" off the very waxed Dioses Bolo, then onto the very wax floor on April 30th, 2022, at the age of 73 Years at that time. Many "bodily injuries" in which some injuries maybe Permanent without surgery, at 75 years of age, Senior just completed an Operation on *Senior Plaintiff Left Shoulder Rotator Cuff Tear, on May 13th, 2024, from the Slip & Fall.*

The Defendants has not paid any Medicare Payments, to Senior Plaintiff Medicare, Defendants has not paid any loss wages since July 21, 2022. No Settlement offer since September 22, 2022.

Actions must be taken in all aspects, as to all Medicare payments and Pain &

Suffering. Senior Plaintiff will use Federal **Code-Under Contract Code §151 Title Medicare to enforce these payments.**

_____

### *SENIOR PLAINTIFF*
### *PRIVATE RIGHT OF ACTION SECTION 601*
### *FOR INTENTIONAL DISCRIMINATION UNDER TITLE VI*

¶10.    The "Slip & Fall" has placed limitations on Plaintiff' life; due to this
Serious Injuries", which has caused Senior Plaintiff "Pain" at the age
of 75, soon to be 76 "experiencing Stress & Pain" that has led to an inability to
Enjoy any quality of Life in vocal & voice Work, this is not good, when one is not
Meeting your life "Job" responsibilities, at this age, in part time Self- Employment.
This Slip & Fall, has caused much "Intentional Discrimination" in trying to get the
Defendants to explain themselves though legal business, and to be professional as
Possible, so that Senior Plaintiff could understand, their legal action, because it
Looked to be actions in "Bad Faith" and "Intentional Discrimination, Elder Abuse,
Promissory Estoppel" which is illegal, under Title VI & Elder Laws, and other
Statutes.

Senior Plaintiff' personal injury situation, includes "Elderly Abuse & Discrimination
Based on Age." The Defendants or the Senior Plaintiff has no **"Right to
Committed Wrong"** in doing so, this Catholic Corporation, **"may not, and
Cannot take the Humanism out** of **Senior Plaintiff life."**

The Defendants here, are **Looking at Senior Plaintiff' age, the Defendants has Determined, each of them, in their own "Capacity", that "because we, the Defendants Are Self-Insured, our aim is to totally disregard the Elderly** Plaintiff'/Injuries/loss wages, we've done enough, the Claimant will not Sue, so we can ignore all demands." This is "Intentional Discrimination" to cause harm, These acts can also be established by method of proof, the evidence amounts to "Intentional Discrimination."

This Tort Claim & Bad Faith, and other Claims, is not an employee of the "Catholic Doses", therefore there must be an understanding of these two "Third Party Claims." Senior Plaintiff, third-party claims is involving, **"Bodily Injury" and has Result in** serious Medical Claims and Pain and suffering losses. Therefore, it is the Filed Claimant, in which is the third-party **"Right to Sue" against all the Defendants for "Bad Faith Dealings." The Federal Courts has long recognized a Cause of action for Common law "bad faith" under the guise of an "implied Covenant of" good Faith" and fair dealing, and because there exists an implied Covenant of good faith and fair dealing in every contract, "bad Faith" on the Part of a contracting party Constitutes a "Tort."**

## *DIRECT EVIDENCE*

- **Express Classifications.** Express Classifications are the clearest form of Direct evidence of Discriminatory Intent. The Actions by the Defendants, is based on "Race, Age, Abuse" these are the Defendants policy, which constitutes an Express Member of a Classification, is the Senior Plaintiff.

- **Conduct by Decision-Makers As Direct Evidence Of Intent.** This proof typically involves a statement from a decision-maker that expresses a

discriminatory motive. What makes the Defendants, feels that they have a right not to own its own Claim to Claimant, the Senior Plaintiff has "Injuries" that evidence will show, that the Defendants lacked a reasonable basis for denying the loss wages & denying benefits of Policy, which these' damages or resulting therefrom.

- **The Defendants has shown in great detail.** Their "Discriminatory Intent on a Claimant, in which the Defendants Investigated, and begin in "Good Faith Dealings", and stop, in thinking with malice, they could treat this Senior Plaintiff of a protected group, with malice and hostility, and deprived the Senior Plaintiff of a right, in which would trigger strict scrutiny in "Equal Protection Clause and Title VI.

## INTENTIONAL DISCRIMINATION & STRICT LIABILITY
## & ELDER ABUSE AND FINANCIAL EXPLOITATION STATUTES

¶11.  The Defendants in their capacity are deliberately using *"intentional Discrimination" that is Prohibits Under Title VI Section 601 & Elder Abuse And Elder Financial Exploitation Statutes*. The Defendants are carrying out this Violations actions on an Elder Plaintiff; this is with all of the Defendants in their *"Official Capacity",* other entities supporting these actions in practices by the Defendants are also involved; that is, to take advantage of Ageism, and the Defendant's actions are shown here in this Lawsuit, by "Documents & Federal Statutes, Intentional Acts In Age Discrimination" and more, against the 76 year Old Senior Plaintiff.

The spirit of the agreement itself and all evidence shows "bad faith" it is a Dishonest performance, by the Defendants and their Duties; clear neglect of fair

Dealing, and a fraudulent Intent of "Intentional Discrimination" which triggers "Elder Abuse & Financial Exploitation Statutes.

Therefore, because bad faith in Alabama and Nebraska may or may not be a Tort, But in this Federal District Court considers, there must have been a contract at Some point in time in order in for there to be a "bad faith" Claim in Tort. A cause Of action for the "Self-Insurer "bad faith" is separate from, and not dependent on A cause of action for breach of the Defendant Dioses Membership Claim with Defendants Catholic Mutual Group, although the two may share facts in common. Indeed, Alabama & Nebraska Recognizes 'claims of "Bad Faith" grounded in Tort' And 'it is the breach of covenant of "Good Faith" Dealing from which the Self-Insurer's Tort Liability springs.' The nature and extent of an implied covenant of "Good Faith" and "Fair Dealing" is measured in a particular Contract by the Justifiable expectations of the parties. Where one party acts arbitrarily, Capriciously, or unreasonably, that conduct exceeds the justifiable expectations of The other party.

A violation of the covenant of "Good Faith & Fair Dealing" occurs only when a Party violates, nullifies, or significantly impairs any benefit of the Contract. Whether the Defendants acted in "Good Faith" in the performance of the Contract with Senior Plaintiff 'is a question in Fact' under "***Federal Law***"

- ***STRICT LIABILITY*** –This "Personal Injury Lawsuits, makes every Defendant liable for Senior Plaintiff "damages", all Defendants acted "Negligently and Intentionally" to Cause Harm to Senior Plaintiff, in which the Jury will not take into account whether all Defendants could have or should have done anything, the only

thing that matters, is the Senior Plaintiff got hurt because of something all Defendants did.

### CIVIL FINANCIAL EXPLOITATION STATUTE- TITLE 8 §192.2400

¶12.   **"Abuse",** the infliction of physical, sexual, or emotional injury or harm Including financial exploitation by any person, firm, or corporation and bullying, Fraudulent deprivation of an agreed contract; the Defendant Kate Kappel, Senior Rep., and Defendants Catholic Mutual Group, in their Capacity, Abuse Senior Plaintiff, when the absence of reasonable basis for denying benefits of the Self-Insurer' Membership policy and all Defendant's knowledge and reckless disregard of the lack of reasonable basis for denying the Claim.

Even with the Rule of Good Faith of Professional Conduct in mind, questions Remain unanswered concerning how Self-Insurer Group, as here, a Corporation, is Proceeding in a certain way, that must not be allowed by a Religious Corporation In their obligation to the U.S. Government, not to interfere, misuse, violate, but Uphold the laws & statutes, and conduct itself professional, in the representation Of the Catholic Church Corporation in a **"Civil Liability Situation."**

In the above paragraph, it shown, not just Defendant Kate Kappel, in her Capacity in defending the Claim Membership, the Member has not defended itself Against the Corporation "CATHOLIC MUTUAL RELIF SOCIETY OF AMERICA" in CLAIM NUMBER 2202215, on behalf of "ARCHDIOCESE OF MOBILE-MEMBERSHIP" in CATHOLIC MUTUAL GROUP, with a CLAIMANT Name/KARMILLA ALI; with Knowledge, the Archdiocese is defending itself against Senior Plaintiff. Senior Plaintiff has to reiterated, that these Defendants in their Capacity, are

19

Denying coverage together in an inappropriate remedy that could only equal to "Bad Faith."

**_The principle of acting in "good faith" is at the heart of decent work._**

## _DEALING WITH A SELF-INSURED CATHOLIC CONTRACT_

¶13.    This Federal District Court, as Senior Plaintiff "Invokes" these Jurisdiction, If it "Please" focus on how this all came to be. This relationship must be taken into Account, the purpose of the Senior Plaintiff being in the "Archdiocese of Mobile, Cathedral Basilica of the Immaculate Conception", as Karmilla Ali; there were no Contractual relationship, only a welcome for Vocalist with instructions by the **_Reverend William Skoneki_**, before sing two **"Hymns"** for the "Catholic Funeral Mass" for the late Mr. Charlie Green Jr., by request of the "Green Family." This is the purpose of Senior Plaintiff being in the "Archdiocese Cathedral" on April 30, 2022.

The Federal Common Law ...look to 'general principles for interpreting Contracts.' Most of these general principles are found in the "Restatement (Second) of Contracts. In first considered where these injuries occurred "Archdiocese Cathedral" in Mobile, Alabama, where the Injuries-causing conduct occurred, the Geographic disposition of the parties, and where the parties' relationship was Centered.

Senior Plaintiff suffered damages after Defendants Kate Kappel & Catholic Mutual Group denied Senior Plaintiff Claims-Claimant, Strict Liability-Senior Plaintiff is Injured once again, because of the base in the Defendant Kappel decision. Senior Plaintiff is living in Alabama at all times, and know this as the place where

The injuries, when in determining the Center of the Defendants & Senior Plaintiff Relationship, the relationship was centered in Nebraska, because the Claims was Submitted and, subsequently, denied there.

Based on this, Nebraska has a more significant relationship with the Senior Plaintiff, the place of injury Alabama has less significant relationship, than Nebraska.

## *EQUITABLE ESTOPPEL*

¶14.    The Archdiocese of Mobile, filed the Claim to it Self-Insured, Defendants Catholic Mutual Group/ Defendants Kate Kappel In Their Capacity.

The Defendants Mutual Group investigated the Claim, and stared to pay "loss Wages" and the outer pocked expenses, under the Claim to the Claimant. On August 1st, 2022, Defendants stopped payments, for no arguable explainable Reasons.

This occurred, when the self-insurer though Defendant Kate Kappel in her Capacity, Defendants Catholic Mutual Group its words, actions, and conduct, lead The Insured "Archdiocese" to reasonably believe that certain conduct in the Senior Plaintiff "PHI" told and provided by Senior Plaintiff Medical Provider "IMMEDIATE CARE OF THE SOUTH" by using Fraud, by violating "Code U.S.C §1343, in which Prohibits **"Wire Fraud & Mail Fraud"** Defendant Kate Kappel accepted these statements in Fraud & Trigging a "Conspiracy" under Federal Code 923/ 18 U.S.C. §371, relates these Defendants to other Defendants, and actions by Defendant Kate Kappel were agreed, by all the Defendants in their Capacity.

21

The Defendants must be made to pay the "Loss Wages" it was to pay, in back payment, in amount with **25% interest=$107,913.75.**

Here, these Defendants all "Relied" on the "Fraud & Conspiracy", by Defendant Kappel, and on this set of belief, the Defendants, acted upon them, caused more Loss for the "Archdiocese."

The other Defendants; were not unaware of the unlawfulness of a plan by Defendant Kappel and Defendants Immediate Care, to commit "Conspiracy" Which would trigger both Defendants, with "Bad Faith" conduct, as to the Denial Of Coverage that Defendant Kappel was paying, which is still due to Senior Plaintiff.

**"Further Medical Treatment Are Still Need" for Senior Plaintiff Health, From The Slip & Fall."**

---

**FEDERAL INTERSTATE COMMERCE CODE U.S. § 10-** Federal Interstate Commerce 18 U.S. Code §10, was violated by Defendants Kate Kappel, when Defendant Kappel, received by way of a "Fax's Transaction" of Unauthorized Medical Records Of Senior Plaintiff', given by Senior Plaintiff' Health Care Provider "Immediate Care" of the South.

These Medical Records, are full of False Medical Statements, which are not just, Common statement, but so fraudulent, shows these activities are done though "Interstate Commerce" is of criminal in nature.

---

## INTERSTATE COMMERCE

*"What Does The Constitution Say About Interstate Commerce? That Congress Has Power Under The Commerce Clause To Prohibit "Racial Discrimination" In The Use Of The Channels Of Commerce.*

*That Congress [may legislate], against "Moral Wrongs & Moral Problem." This Is the power of Congress to promote "Interstate Commerce" also includes activities in both State of origin and destination, which might have a substantial and harmful effect upon that commerce."*

This would be the "Never Center" in Omaha, NE., of the Defendants.

### These Actions By These Defendants, Had A harmful Effect Upon

### Commerce & Senior Plaintiff As Explain In This Lawsuit

¶15.    And the fact, dose not detract from the overwhelming evidence, of this

Disruption, which has effected and shown the face of *"Racial Discrimination &*

*Elder Abuse"* in a Financial Exploitation causing trouble, in which the Defendant

Kate Kappel planed, and used in stopping *"Loss Wages."*

This is based on a loop outside the State of Omaha, NE, in which the connecting

Loop in Commerce, is Mobile, Alabama, that's Interstate Commerce, which proves

The interstate nature of just how these fraudulent unauthorized documents

Ended up in the hands of Defendant Kate Kappel & Defendant Catholic Mutual

Group, in which is the "Never Center."

Thereto, placing on the Senior Plaintiff a moral wrong, by and though *"Interstate*

*Commerce."* When the Defendants, realizes, that Senior Plaintiff could find out

About this "Scam & Conspiracy", Defendant Kappel try, in issuing a "Complete

Authorization" to sign from **"HIPAA."**

This caused Senior Plaintiff to ask for the "Medical Information Released" to

Defendants Kate Kappel & Catholic Mutual Group.

It is with this burden which empowered this Federal District Court,

The power to restrict obstruction in *"Interstate Commerce"*, with which all

Defendants are dealing in "Bad Faith", and it has been deemed a *"Moral & Social*

## *Wrong by the Constitution."*

The evidence shows that these specific factual based facts, in which have been

Asserted against Defendant Kate Kappel and the other Defendants of this

Religious Corporation in their Capacity, in which could be Robbery under the

"Hobbs Act", which, imposes Criminal Penalties on robberies that affect all

Commerce over which the United States has Jurisdiction.

Therefore, Senior Plaintiff will note, in all initial Complaints, in which they
sustained

The Facts, also has shown the "Economic Activity" of Interstate Commerce of the

Federal Constitution Commerce Clause being violated by these Defendants.

Senior Plaintiff has ensured only the fact that has caused injustice that shows in

The Medical Records, used in this "Interstate Commerce" violation by the

Defendants, in which these Defendants Immediate Care "knowingly & Willfully"

Executed these Medical document to Defendant Kate Kappel, in violation of 18

U.S.C. § 1347.

_____

## **PHYSICIAN REFERRALS**

This valuable service from Defendants Immediate Care to Defendants Kate

Kappel, is to defraud two "Birds" at one time, Defraud a "Federal

Health Care Program" & Senior Plaintiff with a health care scare, of a "blood clot",

Then use it against the Senior Plaintiff, to stop Loss Wages, by Conspiracy with

24

Defendant Kate Kappel.

Defendants Immediate Care, also using a Referral of personally by referring to a

Member of the same group practice as the referring physician, or personally by

Individuals who was directly supervised. On **July 25th, 2022, Immediate Care sent**

Senior Plaintiff, to the Physician known as **"RGG" RIHNER, GUPTA & GROSZ,** these are

**CARDIOLOGY, P. C., on this day July 25th, 2022.**

The Cardiology Dr. Gupta after three hours, Dr. Gupta, sent Senior Plaintiff to

Providence Hospital Emergency Room, for eight hours a total of 12 hours plus,

Later, sent to Providence Hospital, for more **"MRI' & CAT SCANS."**

This is the total, for REFERRALS on July 25th, 2022, and the REFERRALS

Has a Medicare cost of over $15,000, or more, for the run around in REFERRALS.

Sunlight must shine on this "Snowball Scam of Referrals, done on July 25th, 2022,

To the Senior Plaintiff.

All of these testes are Negative, after discomfort in the lift

Side of Senior Plaintiff Chest after the Slip & Fall **"bruising"** yes, "Blood Clots"

Were Negative.

_____


## FOURTEENTH & FIFTH AMENDMENTS

This conclusion of acts by the Defendants, show the Commerce

Clause basis for "Civil Rights" prohibiting "Private Corporate Fraud" under the

Commerce Clause.

It's important because of the understanding that "Congress's power" to act under

The Fourteenth and Fifth Amendments was official on discrimination, that the

Federal Court's must determine, the importance of the Commerce Clause in this Dispute of violations of the Commerce Clause by Defendant Kate Kappel in her Capacity as Senior Claims Representative II, SCLA, for Defendant Catholic Mutual Group/Defendant Catholic Mutual Relief Society of America/Trustees, all of *"Omaha, Nebraska",* and Defendants Immediate Care of the South, in *"Mobile, Alabama."*

### "ELEHANT IN THE ROOM"

Usage Indeed. This Complaint is a "Questions" here, meaning there are problems, and the need for solutions.

But the controversial issue which is obvious to everyone who knows about the Situation, but which deliberately ignored it, because, it wisely causes great Embarrassment. This within itself is an argument, because no one mentions or Wants to discuss issues, because it makes at least, **mum**, some of them **Uncomfortable** and it is personally, it is **Racism, and Bias.**

The Defendants Counsel, has shown an embarrassing and dangerous, that Represents the Catholic Church, by telling untruths of an obvious problem, a Situation that people do not want to talk about, why? Because it is based on the Idea and thought that this Senior Black Plaintiff is the Elephant in the room, will Not be overlooked in the operations of Federal Law, and being "Discriminated" Against in State Court, not this Federal Court, just because no one wants to Discuss the truth.

Because, what these Defendants has done, to the Senior Plaintiff is inflammatory, And even dangerous, to know that a Catholic "Dioses" and Corporation can show Some mix judgments into one's life, not caring about the impact on the Elder Plaintiff.

26

Defendants are not focus on the facts and how the Defendants and their Counsel

In their behavior and defensiveness in this Case. Issues like these often go

Unaddressed, for a long time they have.

There is no distance from this Wrong by these Defendants, this District Court will

Bring these "Questions" to law, the Defendants must get ready to listen, when

Doing this, Senior Plaintiff, is saying, the District Court is Federal Law, and has

Created the conditions for the Defendants & Senior Plaintiff to listen at each other

And not at the same time to discuss Facts by Law.

We shall talk about this discriminatory & racist acts by the Defendants &

Attorneys, before a Jury of our Peers. The Law cannot just simply choose to

Tiptoeing round the **truth** in Senior Plaintiff Complaint, as to the reasoning of the

Defendants acts, when what the Defendants has as facts, will not help either of

These Defendants.

The District Court understands when there is an Elephant in the room, is for

Everyone to understand each other before making decisions. The only way to

Reach understanding effectively is to prepare to listen.

Senior Plaintiff pray, that this Federal District Court, begin the conversation by

Asking the Senior Plaintiff & Defendants open-ended questions about what their

Important information & experience, and prepare to "Discuss Facts & Behaviors."

## *CLAIMANT INVOKE THE DOCTRINE OF EQUITABLE ESTOPPEL*

¶16.  Senior Plaintiff relying on the Payments each month, until all Medical

Findings were before the Defendants, and a settlement could be met.

However, Defendant Kappel, the Self- Insurer, subsequently denies and stop the

Loss wages payments; claiming Defendant Kappel did not know about Senior

Plaintiff "Heart."

This is the "Representation" by Senior Rep. Kate Kappel as the "INSURER" on Loss

Wages.

Therefore, the Claimant May Invoke the Doctrine of Equitable Estoppel arguing

That the insurer's initial representation to pay loss wages, were accepted by

Senior Plaintiff; by accepting and agreeing, created a reasonable expectation of

Coverage for Loss Wages, and the Defendants Kate Kappel and Defendants

Catholic Mutual Group Self-Insurer's should be "Estopped from denying the

Claim, and to pay all back "loss wages."

Senior Plaintiff, is due benefits under the policy Claim of the Membership

"Archdiocese of Mobile, Alabama. The Defendants Catholic Mutual

Group/Defendant Kate Kappel are withholding of benefits are unreasonable.

The Defendant Archdiocese is the Claim Membership, and Senior Plaintiff is

Claimant, which attaches to Claim No: 2202215, to Senior Plaintiff, and has been

Attached since April 30, 2022, in contractual talks, since May 4th, 2022.

This is a "Tortuous" breach of Contract, with many turns by the Defendants, and

Devoid of factual defenses, no factual specificity, just being **"Discriminatory."**

The Defendants Self-Insurer's was not only unreasonable, but malicious,

Oppressive and unjustly inflicted, causing hardship, on an Elder, is Abuse, under

Federal Law & Statutes.

---

### THERE' SOMETHING THE DEFENDANTS NEED' TO KNOW

¶17.    With all due Respect, Senior Plaintiff is saddening, that these statements "Describes" some of the Catholic Church's members, that clearly knows the "Holy See", in which is the governing body of the global Catholic Church. Senior Plaintiff, In Her profession, has worked as an entertainer for different "Parishes" of the Catholic Church, for many Years, here in Mobile and other States.

The Defendants should know these things, before putting, the Church in such a "Discriminatory Embarrassing Situation."

Karmilla Ali, is more known at the many community parishes here in Mobile, and The Senior Plaintiff "Faith" has never stopped Senior Plaintiff from doing Whatever is asked, if Senior Plaintiff can.

To, volunteered for the Catholic Church at a very young age at "Saint Joseph Parish" in Maysville, for years. This is so SAD.

---

### HOLDING THE DIOCESE HARMLESS-IS THE REQUEST
### OF DEFENDANT KATE KAPPEL TO SENIOR PLAINTIFF

¶18.    Claimant, will "Invoke" the Doctrine of Equitable Estoppel, in which Safeguards against "unfair and unjust conduct by ensuring that Defendants & Plaintiffs are held to their promises, representations that will unconscionable & inequitable allowing them not to backtrack on their Word.

Defendant Kate Kappel, in asking the Senior Plaintiff, to "settler for one your loss Wages" at a time when the Senior Plaintiff needed "Surgeries" this such an

29

Unlawfully act *"unfair, unjust, and Discriminatory and one-sided."* Equitable

Estoppel, is to prevent injustice by holding parties accountable for their words,

Also actions, that should encourage and promotes the "Principles of Good Faith

And Fair Dealing." To act as if the Senior Plaintiff did not communicate with the

Defendants in Nebraska is nonsense, the Defendants Counsel's, stands before the

Court and tell some of the must malicious untruths, which they should be

"Sanction" under Federal Rule 11, it just may come to pass by Law.

When an Attorney, file paper's in Court, the Attorney represents that the filing

Has legal and evidentiary support and isn't filed in "Bad Faith." This baseline of

Fair Play is enforced by FRCP 11.

The Defendants Attorney's, cannot comply with a "Disclosure" complying to

"Discovery" to disobey this Federal District Court, should be "Monetary

Sanctions" when the Defendants does not Comply, they are

Not ready, but Senior Plaintiff is ready for Trial by Jury.

_____

### *"BAD FAITH DEALINGS THOUGH HEALTCARE REFERRRALS"*

¶19.   The Defendants are of a Religious Corporation, inflicting emotional harm,

Though Religious Corporation and a Limited Liability Corporation, "Immediate

Care" in which has a **compensation arrangement, (as defined in subsection (h)(1)**

**[42 U.S.C. 1395]).**

Real Religious People, do not violate other's, because of other

"Religious Beliefs."

The Archdiocese and Parishes of Mobile, Alabama, are to akin with Immediate

Care, is a Medical Provider owner, not registered with the Alabama Medical Board, but registered with the Alabama Secretary of State, as an LLC, owner Laura McDonald.

On August 9th, 2022, Senior Plaintiff became aware, that provider being used by Senior Plaintiff, has disclosed "PHI" and Fraudulent Healthcare information to Defendant Kate Kappel of the Defendants Catholic Mutual Group.

This is "Bad Faith Dealings" by Defendant Kate Kappel & Co-Defendants Immediate Care Of The South.

_____

## FIDUCIARY OBLIGATION

¶20.    The terms of the fiduciary obligations, undertaken by Senior Plaintiff and Defendant Kate Kappel for its liability self-insured, Defendant Member, The "Archdiocese" of Mobile, Alabama, now to act in any other manner, would Contradicts what the Defendant Kappel previously said and agreed to, by law, and Contract, no one can proof the contract is Invalid.

The Defendants are Estoppel from maintaining their inconsistent positions, to the Detriment of the Senior Plaintiff' "Injuries & Damage" that occurred in the "Cathedral Basilica Of The Immaculate Conception" of Mobile, Alabama on April 30, 2022, and the acquiescence & inaction with Defendant Kappel, and the Defendants cannot say of any rights in the Contract, when the Defendants are Acting Inconsistent in that right; that triggers "Equitable & Promissory Estoppel." A "Legal Principle."

## PROMISSORY ESTOPPEL

¶21.    Senior Plaintiff and Defendant Kate Kappel, formed a legal relationship, on
And about May 5th, 2022, this existing contractual relationship, meaning that the
Two parties have formed a legal agreement.

This Federal District Court for The Southern District Of Mobile, Alabama, and Jury
To "Estop" the Defendants at the "Nerve Center" from making assertions, that
Would allow these Defendants to go back on their "WORD."

This Promise is enforceable by Federal Law, even if made without formal
Considerations; when a "Promisor" Defendant Kate Kappel, a "Promisor" has
Made a promise to a "Promisee" Senior Plaintiff" who then relies on that Promise
to "Subsequent Detriment & Economic Injuries" as here "Ensuing" the Loss wages
Payments.

## DEFENDANS TRYING TO ESCAPE THEIR OBLIGATISON IN LIABILITY

In both Cases, Senior Plaintiff the District Court does not have sympathy for the
Defendants "Self-Insurers & Insured" that refused to perform under their
Insurance policies in first place, and then both tries to take advantage of the third
Party Claimant recoveries in Liabilities. The Court will see, the Defendants are not
Holding themselves to any of the language of their policies and the promises to
The Claim & Claimant. When Senior Plaintiff, Slip & Fall, in the Catholic "Dioses"
On April 30, 2022, constituted "loss" as defined under the Liability "Tort" under
The Law.

The Defendants remains directly liable for these obligations, and pay them in full.
This breach & "Bad Faith" Dealings has incurred life threatening and dangerous

Moments in the Senior Plaintiff.

The Defendants will find itself in the middle of a False Claims Act & Anti-Kickback Statute investigation by the Federal Government. The "Dioses" policy required the Defendants Catholic Mutual to pay "on behalf of". Both breaches, in both Cases, the Court will find that that the Defendants breached their obligation, the Insurer & insured cannot now advantage of the Senior Plaintiff "Right to Sue" for "Bad Faith" Claim arising out of "General Liability, directors and officers, errors And omissions, fiduciary, as well as commercial property and builder's risk policies Liability" they are all here, as legal issues in these too Cases.

---

**The Promise**-The Promisor Defendant Kappel, made the promise in a way that Cause the Senior Plaintiff to assume that the promisor, Defendant Kate Kappel Would follow through. Furthermore, the promise was reasonable and believable. **Reliance-** the Senior Plaintiff is under "Physicians" which are referred by Senior Plaintiff Provider Immediate Care of the South. In which the reliance on the Defendant's statements in different formats, when it is, Defendant Immediate Care of the South, is setup all of the Senior Plaintiff' Medical "Referrals." This Making Immediate Care a recruiter, cappers, if these Defendants could not advise Defendant Kappel that Immediate Care could not services her any further, that Defendant Kappel must follow the "Medical Record Authorization Issued" to Defendant Kappel by the Patient Bernice Brown/Senior Plaintiff.
This above paragraph, "Reliance" is the Job of a Medical Provider, if you are not Attempting, to maybe, committing a "Conspiracy." 18 U.S.C. §1349.

**The Detriment**-The Senior Plaintiff has to take care, as much as could be
Arraigned, after July 1, 2022.

All medical appointments, & Loss in Economic Injuries & Future Income Capacity
Has impacted the ability to work in Senior Plaintiff Business, and it looks very
Unstable for the future.

Senior Plaintiff is worse off than Senior Plaintiff was in COVID-19, prior to
Defendant Kappel, making of the promise to pay "loss wages".

Musical & business contracts were canceled, because of the Slip & Fall, there is
Suffering, because of the operations that had to be put off because of not enough
Financial protection to have the operations, in August & September of 2022.
Frist operation was on May 13th, 2024.

**Unconscionability**- Defendant Kappel, knew if she did not fulfill her promise to
Pay loss wages, Senior Plaintiff would be in a financial hardship, Defendant Kappel
Has the Senior Plaintiff "Three Federal & State Income Taxes Of three Business,
IRS" everything was before the Defendants, but their Intentional Infection of
Hardship to the Senior Plaintiff did not matter.

These actions, also **"Triggers" Elder Financial Exploitation & Bad Faith Dealings**.

### DEFENDANTS- IMMEDIATE CARE OF THE SOUTH & CONFILICATS OF INTEREST & VIOLATIONS OF FEDERAL HEALTH CARE FRAUD UNDER 18 U.S.C., SECTION 1347>§1349-U.S. CODE >TITLE 18> PART 1 > CHAPTER 47 > §1001.

¶22.  On September 13th, 2022, a letter was sent to Senior Plaintiff, which stated
**"Not to return, because we will no longer provide care for you!"** Senior Plaintiff

Wonders till this day ask, why did this action occur? An LLC, is not protect, when it Commits wrongful acts in/negligent in ways, that it results in harm to another Person, such as Federal Medical Fraud & the issuing of harmful Fraudulent Documents though "Interstate Commerce."

The circumstance exists here, that Immediate Care, operation as a business And personal affairs with the Catholic Church. Mr. and Mrs. Marty & Laura McDonald, are not protected from Personal Liability, as they participated in Circumstance in this "Unconscionable Act" of these unfair dealings, and conduct, In favor of another **Akin.**

Their Immediate Care Medical business with the "Diocese", was and is, a **Conflict Of Interest**; when an individual's interests-friendships, financial, or Social Factors-Could compromise decisions in its workplace, is a serious, and Industry organization, corporations, also in the standards of Operating, procedures. Also the Duty of Defendant Kappel, was not to cause an Ethical dilemma, because that one in which has Defendant Kappel attention, is The one with unauthorized "Medical Records" will harm all Defendants.

**Conflicts of Interest-** a clash that most often occurs between requirements and Interests. The Conflict here with the Medical is because of the nature of the Relationships; this along, become based to have an unfair preference, because of A small thing like "Immediate Care influences the decision, and did so for an "Unfair, unethical, and illegal reasons."

The point is, what do you do, do you allow your inside knowledge affect your Action? If you do you are violating many Federal Statutes. When you "Discriminate" in Senior Plaintiff life, I am old enough to see the "Job" and

Decisions you make, are try to make, and see the appearance of discrimination;

its Right here in this Lawsuit, and when it is so easy, be ready, there is a "conflict

of interest" which has influenced both Defendant Kate Kappel & Immediate

Decisions to be an "Intentional Misconduct" and Discrimination of an Elder.

This is a "Civil Financial Exploitation" is called "ELDER ABUSE BASED IN

DISCRIMINATION, **§192.2400 R.S. Mo. (2022)-** (1) "Abuse", the infliction of

Physical, sexual, or emotional injury or harm including financial exploitation by

Any person, Firm, or Corporation and Bullying, "this fits all of these Defendants."

_____

## *THE HUMAN FUNDAMENTAL IS NOT OPERATING IN*
## *TRANSPARENCY BY THE DEFENDANTS*

¶23.   The Defendants in their Capacity, has operated in such a way that, it is so

Easy for others to see what actions they have performed, in violations of the

"Constitution & Fraudulent Activity as a Health Care LLC Medical Provider" in

Which is Federal Violations.

This District Court can see the kind of care, by the Defendants actions,

In what they have done is important, because it violates the Law.

Also, what these Defendants has done to the Senior Elder Plaintiff, these are legal

Principle that prohibits parties from taking advantage of their own representation

Of Medical to a Senior Plaintiff, as the Medical Provider, for Four and ½ years.

Only now, because of the Defendants kin, the Provider will now show its true

Feelings for them, and lose "Transparency" in their behavior as to Medical

Record;

The "Intentional Deceit to Harm" your "Patient", this is the actions of a
Healthcare Provider **"Immediate Care Of The South"** in its Transparency; being
Completely open to dealing in both "Conflict of Interest" and the Creation of
"Fraudulent Documents" *IN VIOLATIONS OF FEDERAL HEALTH CARE FRAUD.*
These Defendants Immediate Care Of South, just lifted the Senior Plaintiff
Exposed and damaged.

Therefore, the Defendants will become a third –party "Bad Faith", liability &
Fraud is reasonably clear, that Medical Health Care for the Federal Government,
Using Immediate Care of the South can only be victim of Fraud at the hands of
"Immediate Care of the South."

Just how can this Medical Facility, take care of a patient, on one end to profit, and
The other end to intentionally hurt the patient, by issuing fraudulent
Documentation to a self-insured entity, the Defendants Catholic Mutual Group,
Against the Patient?

To take these above acts, it calls for tremendous amount of critical investigative
Work by the "DOJ."

## *CONFLICT OF INTEREST IN DISCLOSURE*

¶24.    Plaintiff seeks fairness in this Federal District Court for the Southern
District of Alabama, and invoke this District Court to prevent unjust outcomes in
this "LEGAL DISPUTE."

It most eliminates the perception of actual "Conflict."

Disclosure of a conflict of interest, and this conflict, is to be properly addressed.

It's important to disclose both potentially perceived and actual conflict.

Psychological distress, is the "Intentional Misrepresentation" by the Defendant Kate Kappel paying the Claimants Claim, also, Defendant Kate Kappel in her Capacity, is acting on "Medical Service that was rendered by Immediate Care of The South, in which Defendant Kappel could never explain to a Jury, what is Defendant Kappel "reasonable argument."?

This is the Medical Facility that medically discovered the Senior Plaintiff cause of "Chest Pains" there described & diagnosed as a "Blood Clots" near the Senior Plaintiff "Heart."

Also the Medical Facility "Immediate Care" that sent Senior Plaintiff to [Ritesh Gupta, M. D., M. P. H., F. A. C. C.] CARDIOLOGY, P.C.

### *FEDERAL HEALTH CARE FRAUD*

¶25.   The problem here, is the **"triggering Of-Bad Faith."**

A medical record received by "Fraud", this is when this financial abuse occurred to Senior Plaintiff, also to "Medicare" for services that was rendered by "Immediate Care." Now, what are we looking at here? Is it "Recruiting The Patient" **by Immediate Care**, it seems, it is Immediate Care, whom sent the ill Patient to the "Cardiologist."

Here the "cappers," Immediate Care would receive a "kickback." In This "Conspiracy" as it operates, so to speak, by paying the various members of The conspiracy through fraudulently obtained Federal Healthcare Benefit Dollars. On July 25, 2022, Senior Plaintiff, as it seems now; that every medically Individual involved who had knowledge that the activity was fraudulent-the cappers, even the Senior Plaintiff as the "patients", the doctor's office, etc.-would

all be potentially charged with a Federal Healthcare Fraud Conspiracy in Violation Of 18 U.S.C. § 1349.

Once again, the substance of the Conspiracy can take many forms.

The Defendant Immediate Care, would be paid by Medicare, for the "Patient" the Senior Plaintiff "Bernice Brown" for injuries received in the "Dioses", being handle By the Defendant Kate Kappel, Defendant Kappel, has a Medical Release, from the Senior Plaintiff for dates **May 4th, 2022 thru, July 25, 2022**.

The Defendants issued to Defendant Kappel, a set of 12 pages, of most Unauthorized records to hurt Senior Plaintiff, once the Defendant Immediate Care, realized that Senior Plaintiff, had an accident in the "Archdiocese" of Mobile, Alabama, because Senior Plaintiff has never told anyone where the Fall taken place.

These Medical Records where add on with some unbelievable Statements by the Defendants Immediate Care.

These Records will be redacted, to see.

_____

### FALSE CLAIM ACT

¶26. **Health Care "Fraud" Is Governed By A Variety Of Laws-** Under Title 18 of the United States Code, Section 1349, Senior Plaintiff will use, the offense of Federal Healthcare Fraud as discussed above can additionally be charged as a conspiracy when:

- Knowingly and willfully-execute a scheme to defraud a health care benefit program and patient, Fraud & Attempt Conspiracy 18 U.S.C. §1349/18 U.S.C. § 371 general conspiracy statute, whereto, it does not require proof of an overt act. Just agreeing to commit Fraud is sufficient to sue,

- **The Anti-Kickback Statute-** Federal law that prohibits the knowing and willful offer, solicitation, or receipt of any remuneration "complementary benefits in addition" in cash or in kind, arranging for the furnishing of any item or service for which payment maybe made under a Federal health care program, 18 U.S.C. § 1347,

- *The Patient Access and Medicare Protection Act-*The Federal Medicare Program, added provisions to the Anti-Kickback Statute, which created penalties for people who illegally, buy, sell, and distribute Medicare Medicaid Numbers and other health information identifiers. **18 U.S.C. § 1347,**

- *The Civil Monetary Penalties Law-* Authorizes Civil penalties for violations of the Anti-Kickback Statute,

- *False Statements-(1)-* Falsifies, Conceals, or cover up by any trick, scheme, or device a material Fact., 18 U.S. Code §1001-Stataments or entries generally.

Defendants knew that their actions would cause financial harm to Senior Plaintiff,

When this is only two months after COVID-19, and we all were trying to get back

To work.

The Defendants as Self-Insurer subsequently denies the Coverage, claiming that

The Defendant Kappel, did not know about the Senior Plaintiff' "Heart" how was

The Defendant Kappel to know, is the question?

Without the proper investigation, when there's more than one Doctor involved in

The Medical Care of the Senior Plaintiff, is "Reprehensibility" was extremely very

40

"Bad Faith" dealings, and unacceptable by any reasonable person, that there's not Enough knowledge that could justifies the Defendant Kappel to "Branch" any part of the Senior Plaintiff Claimant, which can only be describes as "Bad Faith."

## THE CATHEDRAL DIOCESE FILED THE CLAIM

¶27. Senior Plaintiff', is still paying taxes, as a Businesswoman, of Federal & State.

It is to be known here, that the Defendants Cathedral Basilica of the Immaculate Conception "Diocese" in which filed this Claim, making Senior Plaintiff a Claimant, Before the Senior Plaintiff could see her Doctors.

The Archdiocese, should be, suing the Defendants Kate Kappel and Catholic Mutual Group; why not? This is the "Question" before this *"Federal District Court",* to the Defendants under, *Contract Code §110 Title Insurance*.

## PAYMENTS FOR ALL MEDICAL EXPENSES

¶28. In this Civil Action, is the facts on the Slip & Fall, the Damages/ all the "Medical & Hospital/ Expenses that are claimed. The Medical treatment required, And the impact it is having on Senior Plaintiff' Life.

The Senior Plaintiff' will show by proof, that these Defendants cannot raise a Defense to any "Good Faith" Dealings, in which violations can be seen for Breaching Contract by the Defendants; *under Contract Code §190 Title Other Contract*.

On "Good Faith", documents will show "Bad Faith" Although the Defendants is a "Self-Insured Corporation" in the U.S., it does not preclude, rule out/

Prevent/prohibit/make it impossible/ for the Defendants to follow the application
And standards of Federal & State Laws "Obligation Of Good Faith."

The Defendants are in violations of "Good Faith" Dealings, in which is now "Bad
Faith" Dealings. The insurance company has not retained competent Counsel to
Defend the Insured, and Senior Plaintiff has notice that, Counsel has more than
One Defendant in this Case.

Whom is Defendant Kate Kappel Counsel and other Defendants Counsel? Counsel
Will be demonstrating a greater time in trying to avoid "Disclosure" to the Senior
Plaintiff. **_Contract Code § 110 Title Insurance._**

## **_OTHER CONTRACT CODE §190_**

¶28.  The mere fact the Defendants feels entitled, when all of the United States
Laws applies equally to everyone, including any Corporation as to Foreign origins,
"Religious Organizations" others.

Defendants are not entitled to act in "Bad Faith" in State or Federal, because
Defendants retain "Self-Insured" status, does not "Immunity" these Defendants in
this Federal District from "Bad Faith" Dealings actions.

This actions, stands on rights and the obligations under a Contract; that Contract
is vailed under the Constitution & Amendments, and the "Erie" doctrine, and all
Questions in this Lawsuit are based in Federal Law, which the real facts apply to
Federal Laws and Statutes under the Federal Constitution.

Because of **_"Diversity Jurisdiction"_** of the Defendants is in the **"States of Omaha,
NE",** in which is the **"Nerve Center"** therefore the Federal Court is not confronted
With the question of which **jurisdiction 's law & Court** should apply.

The choice of law rules establishes a method by which the Court can select the Appropriate laws; the "Nerve Center" is the Controlled office of the Defendants, Operation/ Headquarters.

**"In Hertz, Justice Breyer explained that a Corporations nerve center"** refers to The place where a corporation's officers directs, controls, and coordinates the Corporation's activities."

It is further explained that practically, this location should be the headquarters Provided that "the headquarters is the actual "Center" of direction, control, and Coordination [, and] not simply an office where the corporation holds its board Meetings.

If a company's officers direct the company's business activities in New York Regardless of the company's degree of activity in any other State. Under the *Hertz* Standard, a corporation can only have one principal place of business.

However, for the purposes of establishing "diversity jurisdiction" Senior Plaintiff Does not need to pinpoint a corporation's principal place of business. Rather, Jurisdiction will be upheld so long that it is established that diversity of citizenship Exists among the Parities, and Senior Plaintiff Bernice

Brown/Karmilla Ali, has explained this above "Nerve Center."

There is no law, "Prohibit Lawsuit" against nonprofits Corporations engaging in Activities such as "Insurance Fraud", and anyone under,

"*18 U.S.C. §1033, Subsection (a,) "Section 1033 provides that anyone who is Engaged in the insurance business and has activities which affect interstate Commerce is guilty of a Federal Crime- (b) "anyone who is an officer, director, Agent, or employee of an insurance company, which again is engaged in*

*Interstate commerce such that the Federal Government Jurisdiction, and who*
*Embezzles, steals, or misappropriates any money or other property of the*
*Insurance company is guilty of a Federal Crime"- (c) of Section 1033 "anyone*
*Engaged in interstate insurance commerce who enters a false, material fact into*
*Any logbook, report, or other similar written material with the intent to deceive*
*Anyone-not just insurance regulators-about the financial condition of the*
*Insurance company is guilty of a Federal Crime."*

## CONCLUSION

The Archdiocese of Mobile, Alabama, v. Whom? The very conditions under which the above Law's, & Federal Statutes applies, to all the above Defendants, Acts of Negligence, Intentional Negligence & Intentional Willful, Abuse and all these above Federal violations against these Defendants.

Lost Future Wages/ Future Medical Expenses/Pain & Suffering/ Senior Plaintiff personal "Body injuries", these payments are due.

Senior Plaintiff, Loss Wages are due, from *"5-4-2022 thru present date."* this is admissible by "Competent Evidence."

Medical Payments, and the Conditions for payments are being discussed, because the Defendants filed a Claim to pay, for the Medical service of the Senior Plaintiff, as having a "Care Accident" in the Dioses of Mobile, Alabama, and had a knee Injury on April 30, 2022. This never happen, and these are just some of the problem Senior Plaintiff is incurring from the Defendants, on what happen on April 30, 2022.

The only ones that known, exactly what happened are the witnesses, and there are witnesses. One witness, explain just why I "Slip & fail" not fall. This witness, help Senior Plaintiff get up off the fool, this witness is the one that help Senior Plaintiff put on her shoes, this witness is the person that help Senior Plaintiff get

44

her clothing straight out. These are the Witnesses, which are ready to testify before the Jury.

Senior Plaintiff do agree, that HIPAA & is not the only Health Care Fraud Charges, that could have defined the Defendants as attempts to execute scheme, without authorization knowingly and willfully, use false pretenses, and then use as representations to the other Defendants the opportunity to agree, and reject any further Loss Wages; this is under 18 U.S.C. § 1347.

In which makes Fraud under 18 U.S.C, Section 1347, a serious Federal Crime & in Civil. Senior Plaintiff is requiring by Law, to invoke this Federal District Court, to give the meaning of this difficult intent, by the Defendants, with no Evidence sufficient that relates to this Cases. Senior Plaintiff has, listed Crimes by the Defendants in Chapter 63 of Title 18 of the United States Code, such as "healthcare fraud, mail fraud, and wire fraud."

The Defendants has no "defense" to these charges. The Defendants can't argue there was no agreement. The Conspiracy requires proof that you agreed with at least one other person to commit fraud, which they did, with more than five. Senior Plaintiff, has this case detail, which makes it unreasonable to challenge the allegations without proof.

The Defendants entered into an agreement with the Senior Plaintiff, there are injuries, so what are we doing or speaking about here? There is too much "Communication" between the "Nerve Center" and Defendants Kate Kappel and Senior Plaintiff. Defendant Kate Kappel, did call with a settlement in early 2022.

Maybe the Defendants, would like to argue that **"no further substantial steps"** have been taken. No Defendant, answered the Demand Letter for "Loss Wage" was never meet.

The Witness will testify to the facts of April 30, 2022, which are built around the details of this Case. This case was not crucial from the intake, because it was only three other people around and no one else came to see about the Senior Plaintiff; and therefore, the fact that the Defendants Counsel can now plead specific facts, on the withholding of benefits when it was unreasonable, also the Defendants Conduct was malicious, oppressive and fraudulent.

45

As a result, Senior Plaintiff is facing a (Financial Crisis) because of these "Bad Faith Dealings." Senior Plaintiff has Pain & Suffering, / Suffering loss ability, in the use of "lift side" of Senior Plaintiff' body, due to the lack of Defendants **"Duty To Protect"** Senior Plaintiff from Harm on April 30th, 2022, on the Defendants Property.

Essentially, duty is the obligation of the property "Archdiocese" to make sure the "Gust" which the "Diocese" set the Senior Plaintiff upon the Bolo, had that same duty to protect the Senior Plaintiff down. The Defendant Archdiocese knew, of the existence of the dangerous Condition that caused Injury and acted unreasonably in their failure to return by the **"Usher"** to help the Elder Guest down as they had set the Senior Plaintiff on the "Bolo" with the assistant of the "Archdiocese Usher."

**In Summary,** Abuse, of the Senior Plaintiff, as to Claim Number: 2202215 is being denied, when there is no room to deny their own Claim, the Defendants Are Self-Insured, not licensed as an insurance Company in any State. The Defendants neither "employs nor pays commission to outside agents or brokers. But here, it shows Misconduct is defined by Senior Plaintiff as Abuse, the Senior Plaintiff has been affected by the Defendants/ Abuse & Age Discrimination, this is also "Bad Faith Dealings."

**ALABAMA BUILDING CODE:** Chapter 10: Section 1002 Definitions Means of Egress-1002.1

> **> NO<**

1. **Hand Rail**
2. **Guards**

Senior Plaintiff Ms. Bernice Brown

A/K/A/Karmilla Ali

5901 Couton Dr.

Mobile, Alabama 36693

(251) 229-0971

Date: July 15th, 2024.

**/S/ BERNICE BROWN/D/B/A/KARMILLA ALI**

## CONSOLIDATION OF CASES UNDER
## FEDERAL RULE OF CIVIL PROCEDURE (FRCP) 42(a)

### Consolidation-

This Consolidation, is requested by Senior Plaintiff,

Because it involves common questions of Law & Facts, and so many

Other Federal Laws, Rules, & Statutes.

This can streamline "Proceedings" reduce litigation casts, and avoid

Conflicting judgments by handling all related matters in a "Single Trial."

This Consolidation, by law is involving similar issues that are pending in

This Federal District Court for the Southern District Of Alabama.

This Consolidation allows for the combination of hearing, trials, and

Even discovery processes, these Cases are closely related; also this

Consolidation, would not confuse the Jury.

The Case needed to be Consolidation, with this new is,

### Case No.: 1:24-cv-00117-JB-N.

### THE DIVERSITY JURISDICTION ISSUE

The question is whether the phrase "principal place of business" in the

Federal Diversity Jurisdiction Statute refers to the place of which serves as headquarters or the "Center" of operations planning.

Held.

(Breyer, J.) Yes.

The term "principal place of business" in the Federal Diversity Jurisdiction Statute means the place where the cardinal activities of Business are carried out, like high-level planning, directing and Coordinating corporate strategy and daily activities. It has also been Called "Nerve Center" test by some Court.

The ***"BREYER SUPREME COURT."***

## AMOUNT IN CONTROVERSY

For a Case to be heard in District Court on grounds of Diversity Jurisdiction, the amount in controversy a Plaintiff Pleads must Exceed $ 75,000., all of Senior Plaintiff filing are done in "Good Faith", And the Defense cannot show to a legal certainty that Senior Plaintiff Cannot recover above $75, 000.

Amount in Controversy is determined at the start of the trial and, Therefore, a verdict from a Court exercising Diversity Jurisdiction will Not be thrown out if a Jury determines that Senior Plaintiff is entitled to Less than $75,000.

There are Multiple Claims, and the aggregated to meet the amount in

Controversy requirement.

IN THE STATE OF ALABAMA,

COUNTY OF MOBILE, ALABAMA,

## ***AFFIDAVIT***

I, Senior Plaintiff Bernice Brown/d/b/a/Karmilla Ali, do verify the Facts to be true in Nature in this Affidavit in Support of this Lawsuit. And all facts include the Facts of "Federal Laws, Constitution, Statutes."

These Laws, are laws that Federal & States "property owners have to maintain their premises in more than one way, so that it is safe for everyone who comes onto the "Owner's Property" will be safe.

Therefore, the Defendants are not "Immune" from their "Liability of Compensatory Damages/Punitive Damages" for the Injuries attached to Senior Plaintiff "Slip & Fall", on the Defendants Property on April 30, 2022.

***"This Is Abuse & Exploitation/Age Discrimination Of A "Senior Citizen Plaintiff By A Religious Corporation." Also "Bad Faith" Dealings Of A Senior Citizen."***

## **UNDER THE PENALTY OF PERJURY**

Senior Plaintiff, Under The Penalty of Perjury, Makes This Declaration, That The Facts Declared In This "Complaint" Are Legal Information In Facts.

Senior Plaintiff Bernice Brown/d/b/a/Karmilla Ali

NOTARY PUBLIC _Melody Baker Gray_  7.15.24

MY COMMISSION _expires 6/1/2027_

AFFIANT:  MS. BERNICE BROWN _Ms. Bernice Brown_

DATE July 15, 2024